OPINION OF THE COURT
Phillip R. Rumsey, J.
*231 In this proceeding, petitioners challenge respondent’s denial of a FOIL (Freedom of Information Law; see, Public Officers Law § 84 et seq.) request to inspect certain records of the Tioga County Sheriffs Department. The records in question are those compiled and maintained in connection with an investigation undertaken by the Sheriffs Department in 1985, in response to allegations that a local priest had sexually abused several boys in his parish. No criminal charges were brought against the accused individual, and respondent refused to release any records relating to the investigation, arguing that to do so would constitute an unwarranted invasion of his personal privacy interests, as well as those of the alleged victims (see, Public Officers Law § 87 [2] [b]; Civil Rights Law § 50-b [prohibiting disclosure of the identity of any victim of a sex offense]).[1]
Upon consent of both parties, the documents at issue were submitted to the court for in camera review. Having now examined those documents and considered the relevant law, the court has determined that the majority of the items in the file should be disclosed to petitioners, with the names and other identifying characteristics of the alleged abuse victims redacted.
The file reveals that the accused individual was informed of his Miranda rights before being questioned, waived those rights, and spoke voluntarily to the investigating authorities about the events at issue. He knew he was a suspect in a criminal investigation, which could lead to his arrest and, ultimately, to a trial. The information he provided was in no way exculpatory. Given the entirety of the circumstances, he could not have had any reasonable expectation that the contents of his statements would remain private or confidential. The more likely outcome would have been the lodging of formal criminal charges, and the eventual use of his statements as evidence of guilt in a public court of record. Nor could he have had any expectation that the substance of the victim’s statements, or those of other individuals who were interviewed, would necessarily remain private, for those persons could have made their accusations publicly at any time.
Respondents have not demonstrated that all or any portion of the documents at issue fall within any of the categories of items specifically deemed private by the governing statute (see, Public Officers Law § 89). While the list is not exclusive, the court is *232 not persuaded, for the aforementioned reasons, that disclosure of the subject records would constitute an unwarranted invasion of the accused individual’s personal privacy (see, Public Officers Law § 87 [2] [b]; § 89 [2]). Thus, there is no basis for denying disclosure of the majority of the documents in the file, provided the names and all other identifying information regarding the victims, and other individuals mentioned therein (with the exception of the subject of the investigation), are redacted (see, Public Officers Law § 89 [2] [a]).[2] This will also avoid any potential breach of the cited provision of the Civil Rights Law.
Accordingly, the petition shall be granted to the extent that respondent is hereby directed to provide petitioners with a redacted copy of the records contained within the subject file, within 10 days of receipt of those records from the court.[3]
Lastly, while petitioner has “substantially prevailed” in this proceeding, given the novel circumstances and issues presented, the court finds no basis for an award of attorney’s fees in petitioner’s favor (see, Public Officers Law § 89 [4] [c]). That portion of the petition/motion is therefore denied.

. Respondent does not suggest that the information at issue would be exempt from disclosure on any of the other statutory grounds, including those relating specifically to law enforcement (see, Public Officers Law § 87 [2] [e]).

. The only pages to be omitted are those that consist entirely of material that would have been redacted.

. The original file shall be returned to respondent, together with a copy of the records in redacted form, as they should be furnished to petitioner.